Morgan Griffin, Plaintiff in Error, *v.* Lucien Eaton, Defendant in Error.

ERROR TO COLES.

Where it is manifest from an inspection of a record, that technicalities in the forms of actions have been abolished in the State where judgment was rendered, this court will treat the judgment as would the courts of the State where it was rendered, without regard to the rules of the common law by which different forms of action are designated.

THIS was an action of debt instituted in the Coles Circuit Court, HARLAN, Judge, presiding, on a record and proceedings and judgment had and rendered, in the Law Commissioner's Court of St. Louis county, State of Missouri.

A declaration was filed in debt.

Declaration recites proceedings had in the Law Commissioner's Court, and that "by the consideration and judgment of the said court, recovered against said defendant, the said sum of one hundred and sixty dollars, above demanded," which was then and there, to wit, on the 8th of June, A. D. 1859, "adjudged to the said plaintiff for his damages, which he had sustained," etc. Averment that judgment remains in full force, etc., with the *actio accrevit* to the extent of said sum of $160. Breach in the usual form. To plaintiff's damage, $50, etc.

Defendant filed his plea of "*nul tiel record*," to which plaintiff replied. Whereupon the cause was continued.

The cause was submitted to the court, which rendered a judgment in debt, in favor of plaintiff, against defendant, Griffin, for the sum of $160 debt, together with $18.80 damages, together with his costs, etc.

The following is a copy of the judgment in the Missouri Court:

"Now at this day comes the said plaintiff, and the defendant, although duly summoned and solemnly called, comes not, but makes default; wherefore it is considered by the court, that the petition of the plaintiff be taken as confessed, and it appearing to the court that this is an action founded upon a promissory note, the court doth find that the defendant is indebted to the plaintiff in the sum of one hundred and sixty dollars, the amount of said note and interest. It is therefore considered by the court, that the plaintiff recover of the defendant the sum aforesaid, in form aforesaid, by the court found, and his costs herein expended, and thereof have execution."

Appended to said record, is the following certificate:

"STATE OF MISSOURI, } ss.
COUNTY OF ST. LOUIS. }

"I, John M. Fulton, clerk of the Law Commissioner's Court of St. Louis county, State aforesaid, do hereby certify that the foregoing transcript is a true and correct copy of the records, proceedings and pleadings in the case in which Lucien Eaton is plaintiff, and Morgan Griffin defendant, so full and entire as the same remain of record and on file in my office.

" And that said Henry Dusenbury is now, and has been for more than two years last past, the presiding judge of said Law Commissioner's Court.

    " In testimony whereof, I have hereunto set my [L. S.]    hand and affixed the seal of office in the city of St. Louis, this 18th day of February, 1860.

JOHN M. FULTON, Clerk."

There is also subjoined the certificate of H. Dusenbury, law commissioner, that the foregoing certificate of John M. Fulton, clerk, is in due form.

The bill of exceptions shows that, to the introduction of said record in evidence, the defendant, by his counsel, objected, but the court overruled the objection and allowed the record to be used as evidence; whereupon the defendant excepted.

Plaintiff in error assigns the following specific errors as apparent in said record :

The court below erred in overruling the objection of defendant to the admission of the record of the Law Commissioner's Court, in evidence as aforesaid, and in receiving the same in evidence.

The court below erred in rendering judgment against the said Morgan Griffin for debt, damages and costs, as set forth in said record.

The court below erred in not rendering judgment in favor of said Morgan Griffin and against said Lucien Eaton, for costs of suit.

C. H. CONSTABLE, for Plaintiff in Error.

M. C. McLAIN, for Defendant in Error.

CATON, C. J.   From an inspection of this record, it is manifest that in Missouri, where the judgment was rendered, distinctions in the forms of actions have been abolished, and that technically, the action was neither debt nor assumpsit, and in giving effect to judgments in that State, we should treat them precisely as their courts would treat them, and not apply the technical rules of the common law by which different forms of action are designated. The judgment on which this action was brought was not in fact or in form, either debt or assumpsit, but in substance the judgment was in assumpsit, according to our designation of actions. It was for the amount of the note and interest on which that action was brought, in a gross sum, which was the damages which the plaintiff had sustained, by reason of the default of the de-

fendant to pay as he had agreed. We are not to give to the words of the record, where the forms of actions have been abolished, the same strict and technical signification which we do here, where those forms are still retained, for the reason that they were not used in such technical sense.

We think the record was properly admitted, and the judgment must be affirmed.

*Judgment affirmed.*